IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WINSTON          )
    Petitioner          )
                         )
vs.                      )          C.A.No. 10-215 Erie
                         )
COMMONWEALTH, et al      )          Magistrate Judge Baxter
    Respondents.        )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed due to Petitioner's failure to prosecute.

**II    REPORT**

Petitioner, an inmate, filed this petition for writ of habeas corpus on September 1, 2010. Service of the petition was ordered by this Court on September 21, 2010, but service has not yet been accomplished due to Petitioner's failure to provide direction to the U.S. Marshal Service.

By Order dated January 3, 2011, Petitioner was directed to show cause before January 14, 2011, for his failure to cooperate with the U.S. Marshal Service. That order further warned that Petitioner's failure to comply could result in the dismissal of this action for failure to prosecute. ECF No. 12.

As of today's date, Petitioner has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the

1

failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. This case is over three months old, yet Petitioner has not taken the initial steps in order to have this matter served upon Respondents. Without service of the petition, this case cannot proceed. Further, Petitioner has ignored an order of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations could state a habeas claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: January 21, 2011