IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, ) | |
| ) | |
| Petitioner, ) | Case No. 1:10-cv-215-SJM-SPB |
| v. ) | |
| ) | |
| COMMONWEALTH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM ORDER

The above-captioned civil action was commenced on September 1, 2010, when Petitioner Michael Winston's petition for writ of habeas corpus [3] was received by the Clerk of Court. The matter was then referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates and, on September 21, 2010, the Magistrate Judge entered an order [5] directing the U.S. Marshal to make service.

    The U.S. Marshal Service subsequently sent a letter [11] to Judge Baxter stating that service had not been attempted because payment or directions for service had not been received from the Petitioner. Judge Baxter subsequently entered an order [12] directing Petitioner to show cause for his failure to cooperate with the U.S. Marshal Service in effectuating service of his habeas corpus petition. The order, dated January 3, 2011, specifically advised that Petitioner's failure to comply with the order would result in dismissal of the case for failure to prosecute. When Petitioner failed to comply

with the order, Judge Baxter entered a Report and Recommendation [13] that the case be dismissed due to Petitioner's failure to prosecute. On February 8, 2011, this Court entered an Order [15] adopting the Report and Recommendation and dismissing the case.

On June 13, 2011, Petitioner filed a motion to reopen the case [18]. This Court granted the motion on December 1, 2011; however, in its Order reopening the case [19], this Court specifically directed Petitioner to file an amended petition for habeas corpus which conforms to rule 2 of the Federal Rules Governing Section 2254 Cases as well as Local Civil Rule 2254, copies of which were provided to him. The Court specifically admonished Petitioner that his failure to submit an amended habeas petition on or before December 30, 2011 would result in a dismissal of this action, with prejudice. To date, no amended habeas petition has been received.

The U.S. Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide district courts in determining whether dismissal of a case is appropriate. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Under this test, the lower courts must consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Our application of the Poulis factors here leads to the conclusion that dismissal of this case is appropriate. Since this Court's Order of December 1, 2011 [19] giving Petitioner an opportunity to file an amended habeas petition in compliance with the applicable rules, he has taken no action to move the case forward in this venue despite notice that his failure to comply with the Court's directives would result in dismissal of the action. Notwithstanding the fact that this action was initiated more than a year ago, service still has not been made on the Repondents, who are prejudiced by the inordinate delay. Petitioner is proceeding pro se and, accordingly, bears total responsibility for any failure to prosecute his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Presently, it is too soon to know whether Petitioner's allegations state a viable claim for habeas corpus relief; notably, however, Petitioner has been a frequent litigator in this Court whose claims have, on numerous occasions, been dismissed for lack of subject matter jurisdiction and/or failure to state a cognizable basis for legal relief. *See, e.g., Winston v. Riel*, No. 1:09-cv-223-SJM (W.D. Pa.) (Mem. Order dated 9/3/10 [15]); *Winston v. Morgan*, No. 1:09-cv-225-SJM (W.D. Pa.) (Mem. Order dated 9/13/10 [29]); *Winston v. Bradford Window Co.*, No. 1:09-cv-226-SJM (W.D. Pa.) (Mem. Order dated 9/10/10 [22]); *Winston v. Marshall, Dennehey, Warner, Coleman, Goggin*, No. 1:09-cv-252-SJM (W.D. Pa.) (Mem. Order dated 10/29/09 [3]); *Winston v. Friedline*, No. 1:09-cv-253-SJM (W.D. Pa.) (Mem. Order dated 11/5/09 [4]); *Winston v. United States*, No. 1:09-cv-254-SJM (W.D. Pa.) (Mem. Order dated 11/6/09 [2]); *Winston v. Daniels*, No. 1:10-cv-74-SJM (W.D. Pa.) (Mem. Opinion and Order dated 7/8/11 [38]); *Winston v. Pavlock*, No. 1:10-cv-75-SJM (W.D. Pa.) (Mem. Opinion and Order dated 7/13/11 [33]).

In light of all these considerations, the following Order is entered:

AND NOW, to wit, this 9th Day of January, 2012, based upon the foregoing reasons, IT IS ORDERED that the above-captioned matter shall be, and hereby is, DISMISSED with prejudice.

                                          s/      <u>Sean J. McLaughlin</u>

                                                 Sean J. McLaughlin
                                                 United States District Judge

cc:    Michael Winston
        JS9901
        SCI Laurel Highlands
        P.O. Box 631
        Somerset, PA 15501-0631

        U.S. Magistrate Judge Susan Paradise Baxter