IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, ) | |
| ) | |
| Petitioner, ) | Case No. 1:10-cv-215-SJM-SPB |
| v. ) | |
| ) | |
| COMMONWEALTH, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

This case was commenced on September 1, 2010 when the instant petition for writ of habeas corpus relief was received by the Clerk of Court. The case was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On January 3, 2011, the Magistrate Judge issued an order [12] directing the Petitioner to show cause, on or before January 14, 2011, for his failure to cooperate with the U.S. Marshal Service in its efforts to serve his petition. After Petitioner failed to respond, the Magistrate Judge issued a report and recommendation [13] that the petition be dismissed for Petitioner's failure to prosecute. This Court adopted the Report and Recommendation by memorandum order dated February 8, 2011 [15], and the case was dismissed.

Thereafter, Petitioner filed a motion to reopen his case [18], which this Court granted with the caveat that, on or before December 30, 2011, Petitioner would have to

file an amended habeas corpus petition in conformity with Rule 2 of the Federal Rules Governing Section 2254 Cases in the United States District Courts as well as Local Civil Rule 2254.  To that end, the Court sent Petitioner copies of those rules, together with its Order, via certified U.S. mail at his last available address of record.  (See Order of December 1, 2011 [19].)  Petitioner was expressly advised that his failure to submit an amended §2254 petition on or before December 30, 2011 would result in a dismissal of his case, with prejudice.  (*See id*.)

Petitioner subsequently failed to file his amended habeas petition as directed by this Court.  Accordingly, on January 9, 2012, the Court entered a Memorandum Order [20] which, based upon consideration of the factors enumerated in *Poulis v. State Farm Fire and Casualty Co*., 747 F.2d 863 (3d Cir. 1984), dismissed the case with prejudice.

Ordinarily, in a case brought under 28 U.S.C. § 2254, a certificate of appealability may issue only if the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  When a district court denies a § 2254 petition on procedural grounds, the petitioner seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, --- U.S.---, ---, 132 S. Ct. 641, 648 (2012) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Inasmuch as Petitioner has failed to make such a showing in this case, IT IS HEREBY ORDERED, this 24th Day of February, 2012, that no certificate of appealability shall issue.

                                                 s/      Sean J. McLaughlin
                                                         Sean J. McLaughlin
                                                        United States District Judge

c:      Michael Winston
       JS9901
       SCI Laurel Highlands
       P.O. Box 631
       Somerset, PA 15501-0631

       U.S. Magistrate Judge Susan Paradise Baxter