IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, ) | |
| Petitioner, ) | Civil Action No. 10-215 Erie |
| ) | District Judge Sean J. McLaughlin |
| v. ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, et al., ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed without prejudice for failure to prosecute.

**II.    REPORT**

Petitioner commenced this case in September of 2010. After he failed to provide an adequate response to this Court's directive to show cause why he failed to cooperate with the U.S. Marshal's efforts to serve the petition (he objected to having to pay the fees associated with service and stated he was "done with the Western District and 3rd Cir.,") [ECF No. 14], the Court dismissed the case for failure to prosecute. [ECF No. 15].

On December 1, 2011, the Court, upon Petitioner's motion, reopened this case. The Court directed that, on or before December 30, 2011, he file an amended petition on the standard 28 U.S.C. § 2254 form so that it conforms to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 2254. Petitioner was instructed that to the extent that he is challenging his conviction and/or sentence imposed by the Court of Common Pleas of Warren County, he must, pursuant to Local Rule 2254(B)(1), name the proper respondents. He was advised that failure to

1

submit an amended § 2254 petition by the due date would result in a dismissal of this action. [ECF No. 19].

Petitioner did not comply with the Court's December 1, 2011, Order. Nor did he provide any response explaining why he could not do so. Therefore, on January 9, 2012, the Court dismissed the case. [ECF No. 20]. Petitioner filed an appeal with the U.S. Court of Appeals for the Third Circuit. He asserted that he believed that an earlier case that he filed at Appellate Docket No. 11-3968 had "supplanted the proceedings in the District Court," and that is why he failed to respond or comply with this Court's orders to file an amended petition. The Court of Appeals informed him that his belief was mistaken. It remanded the case and directed this Court to allow Petitioner "additional time to file an amended habeas petition or to proceed on [Petitioner's] habeas petition as filed, with amendment to the parties named as respondents, as necessary." [ECF No. 28].

On January 2, 2013, the Court issued an Order directing Petitioner to file an amended petition for a writ of habeas corpus prior to January 18, 2013, and advising him that failure to comply could result in the dismissal of this action for failure to prosecute. Petitioner was instructed that, at the very least, he must name the proper respondents to his habeas corpus petition in compliance with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 2254. The Order and a copy of the standard habeas corpus form were mailed to Petitioner at his address of record. [ECF No. 29].

Petitioner did not comply with the Court's Order or file any other document with this Court. On January 25, 2013, the Court issued an Order directing him to show cause for his noncompliance before February 8, 2013. He was advised that failure to do so would result in the dismissal of this action for failure to prosecute. [ECF No. 30].

2

This Court's January 25, 2013, Order was mailed to Petitioner at his address of record. He did not comply with it or file any other document with the Court explaining why he could not. Accordingly, on February 20, 2013, the undersigned issued a Report and Recommendation ("R&R) in which it was recommended that this case be dismissed without prejudice for failure to prosecute. [ECF No. 20].

Petitioner's objections to the R&R were due on March 11, 2013. He did not file any. Instead, on that date his objections were due he filed a motion for appointment of counsel. In it, he stated that he had not received anything from the Court since this case was reopened. He also suggested that the Department of Corrections was retaliating against him for testifying against it, that he is not receiving his incoming mail, and that the prison interferes with his outgoing mail. [ECF No. 32].

On March 13, 2013, the undersigned issued the following Order:

Petitioner filed his initial petition over two years ago, and it has never been served because he failed to cooperate with the U.S. Marshal in the service of it, failed to comply with the Court's directives to file an amended petition, and failed to explain why he could not do so. Then, on the very day his objections are due to the R&R recommending that this case be dismissed for failure to prosecute, he files a motion in which he accuses the Department of Corrections with tampering his mail. The Court finds the timing of Petitioner's allegations somewhat suspicious. However, if he is serious about them, he must bring them in a separate civil rights action filed under 42 U.S.C. § 1983. He cannot challenge the conditions of his confinement in a habeas action.

Nevertheless, in light of Petitioner's contentions of mail tampering in his most recent filing, the Court shall vacate the R&R and provide him with **one final extension of 20 days** to file an amended petition on the standard form.

… it is HEREBY ORDERED that:

(1) The February 20, 2013, Report and Recommendation [ECF No. 31], in which it was recommended that this case be dismissed for failure to prosecute, is **VACATED**;

(2) The Clerk of Court shall once again furnish Petitioner with the standard form entitled Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody. Petitioner must file an amended petition on that standard form and submit it at this civil action before **April 2, 2013.**

3

> **Failure to comply with this directive will result in a recommendation to the District Judge that this case be dismissed for failure to prosecute.**
>
> Petitioner is reminded that he must name the proper Respondent in the amended petition. The proper Respondent is the person who has custody over the Petitioner, as well as the District Attorney of the county in which he was convicted. See Rules Governing § 2254 Cases, Rule 2; Local Rule 2254(B)(1).
>
> (3) Petitioner's motion for appointment of counsel is DENIED without prejudice. Non-capital habeas petitioners are not automatically entitled to the appointment of counsel in federal court. In the event that subsequent litigation in this case demonstrates that counsel should be appointed, this Court will do so sua sponte or upon the request of Petitioner.

[ECF No. 33 at 3-4 (emphasis in original)].

The March 13, 2013, Order was mailed to Petitioner at his address of record. He did not comply with it. Nor has he filed a separate civil rights action filed under 42 U.S.C. § 1983. Instead, on March 20, 2013, he filed another motion for appointment of counsel in which he complained that he was being "tortured" by the state and federal governments. That motion was denied. [ECF No. 34, 35].

It now is clear to the Court that Petitioner has no serious intention of pursuing this habeas action, as he repeatedly has failed to comply with the simple instruction to file an amended petition and name the proper Respondents. Because Petitioner repeatedly has failed to comply with this Court's Orders, this case should be dismissed without prejudice for failure to prosecute. The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

After weighing the Poulis factors to the extent appropriate, it is concluded that dismissal of this case without prejudice is an appropriate sanction. Since the reopening of this case, Petitioner has not taken the necessary steps to prosecute it. He repeatedly has failed to comply with this Court's orders and instead files motions in which he makes unsubstantiated accusations against the DOC and the federal and state courts. He is proceeding *pro se* and therefore bears all of the responsibility for the failure to prosecute his claims.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice due to Petitioner's failure to prosecute. Petitioner may reopen this action, but only if he files the standard form entitled Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody and names the proper Respondents.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


April 11, 2013                        /s/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      United States Magistrate Judge


cc:    The Honorable Sean J. McLaughlin
       United States District Judge

5